**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTONIO ANDREU-LUNA,

        *Petitioner*,

v.                                    Case No. 3:26-cv-1209-WWB-PDB

SHERIFF SCOTTY RHODEN, et al.,

        *Respondents*.

_____/

## ORDER

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("**ICE**"), filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging, among other things, the revocation of his order of supervision ("**OSUP**") and his re-detention. (Doc. 1). As relief, Petitioner requests, *inter alia*, that the Court order his immediate release. (*Id.* at 5).

The Federal Respondents filed a response stating they "do not oppose the Petition . . . insofar as it seeks Petitioner's release from immigration detention," so long as Petitioner's release is in accordance with 8 C.F.R. § 241.13(h) and the terms of an OSUP as determined by ICE. (Doc. 6)

Because Respondents do not contest Petitioner's request for release, the Court finds Petitioner is entitled to immediate release under the conditions of his original OSUP.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED only to the extent stated herein**. Respondents shall release Petitioner **within 24 hours of this Order**,

subject to and in accordance with the conditions in his original order of supervision.[1]  Upon release, Respondents shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 27, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    Antonio Andreu-Luna
       Counsel of record

---

[1] Because the Court grants relief on Petitioner's OSUP claim, it need not address Petitioner's other claims for relief.  *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g., Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

2